In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1553

United States of America,

Plaintiff-Appellee,

v.

Dale W. Berthiaume,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:99CR000092-001--John C. Shabaz, Chief Judge.

Argued September 15, 2000--Decided December 1, 2000

Before Flaum, Chief Judge, and Kanne and Williams, Circuit Judges.

Williams, Circuit Judge. Appellant Dale W. Berthiaume pleaded guilty to one count of distributing methamphetamine in violation of 21 U.S.C. sec. 841(a)(1). After determining that Berthiaume distributed 3,735 grams of methamphetamine and that he possessed a firearm during relevant conduct, the district court sentenced Berthiaume to 212 months' imprisonment. Berthiaume appeals the district court's calculation of the drug quantity, its imposition of a two-level upward adjustment for the possession of a firearm and its denial of a three-level downward adjustment for acceptance of responsibility. Because we find that the district court's sentencing determinations were not clearly erroneous, we affirm.

I

After being arrested for selling methamphetamine to a government informant, Berthiaume was indicted for four counts of violating 21 U.S.C. sec. 841(a)(1), which prohibits the distribution of controlled substances, including methamphetamine. Berthiaume pleaded guilty to one count of the indictment and the remaining counts were dismissed.

At his sentencing hearing, Berthiaume contended that, at a maximum, he was responsible for selling 1,360.8 grams of methamphetamine. The district court rejected Berthiaume's contention

and found him responsible for distributing 3,735 grams, which set his base offense level at 34. See U.S.S.G. sec. 2D1.1(c)(3) (1998). The district court's calculation included 225.14 grams distributed during four controlled buys and found during a search of Berthiaume's residence, 675 grams from 1995 sales to Eric Cooke at 2 ounces per month, 1,814.4 grams from 1996 sales to Cooke at 4 ounces per month, and 1,020 grams from 1997 sales to Donald Neumann at 4 ounces per month for 9 months.

Pursuant to sec. 2D1.1(b)(1) of the United States Sentencing Guidelines, the district court increased Berthiaume's base offense level by two for the possession of a dangerous weapon. The court based this upward adjustment on Cooke's testimony that he gave Berthiaume a Ruger model 10/22 rifle as partial payment of an outstanding drug debt and that it was not clearly improbable that a Ruger .44 magnum caliber revolver found in an unfinished open area of Berthiaume's residence was connected to Berthiaume's drug trafficking. Because Berthiaume claimed responsibility for only one-third of the quantity of drugs found attributable to him by a preponderance of evidence by the court, the district court concluded that Berthiaume frivolously contested relevant conduct and denied him a three-level downward departure for acceptance of responsibility.

On appeal, Berthiaume contests the reliability of the testimony that the district court used in calculating the quantity of drugs for which he was accountable and in increasing his offense level for the possession of a gun. Berthiaume also challenges the court's finding that he did not accept responsibility for his conduct.

II

Berthiaume faces an uphill battle. "This court 'gives great deference to a district court's sentencing determinations and is reluctant to disturb the district court's findings of fact unless clearly erroneous.'" United States v. Hickok, 77 F.3d 992, 1007 (7th Cir. 1996) (quoting United States v. Hassan, 927 F.2d 303, 309 (7th Cir. 1991)). This standard applies to the calculation of drug quantities, United States v. Morrison, 207 F.3d 962, 967 (7th Cir. 2000), upward sentence adjustments, United States v. Cain, 155 F.3d 840, 843 (7th Cir. 1998), and the determination of whether the defendant has accepted responsibility, United States v. Zehm, 217 F.3d 506, 515 (7th Cir. 2000). A reviewing court may reverse a district court's sentencing conclusion only if after reviewing the record, it is left with the firm and definite conviction

that a mistake has been made. United States v. Galbraith, 200 F.3d 1006, 1011 (7th Cir. 2000). A reviewing court gives special deference to findings based upon credibility determinations, which "'can virtually never be clear error.'" Hickok, 77 F.3d at 1007 (quoting Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 575, 105 S. Ct. 1504, 1512 (1985)).

A

Berthiaume's first challenge on appeal is to the district court's calculation of the quantity of methamphetamine found attributable to him. Berthiaume argues that Cooke's testimony as to the time frame of the sales and the quantities of methamphetamine exchanged were inconsistent and contradictory. "[A] sentencing court may consider a wide range of information in making [the drug] calculation, provided that this information includes 'sufficient indicia of reliability to support its probable accuracy.'" Morrison, 207 F.3d at 967 (quoting United States v. Robinson, 164 F.3d 1068, 1070 (7th Cir. 1999)).

The district court's calculation was based on methamphetamine found in a search of Berthiaume's residence, and Cooke's testimony and Neumann's statement regarding methamphetamine that they purchased from Berthiaume. Cooke's testimony accounted for two-thirds of the drug quantity ultimately found by the court as attributable to Berthiaume. "[I]n circumstances where evidence of relevant conduct significantly increase[s] drug calculations, statements of a defendant's associates might require further testimony as substantial indicia of reliability." Morrison, 207 F.3d at 967.

Here, the reliability of Cooke's testimony was bolstered by the facts that he testified in-person at the sentencing hearing and his testimony was corroborated by another witness. Contrary to Berthiaume's characterizations, Cooke's testimony was consistent. Cooke testified that starting in March 1995 he obtained an ounce of methamphetamine a couple of times a month from Berthiaume, i.e., semi-monthly. Cooke also stated that in May 1995 or after the arrest of Jeff Jenetta, he obtained an ounce every couple of weeks from Berthiaume, i.e., bi-weekly. Either way you interpret these statements, Cooke's testimony amounts to his purchasing about two ounces of methamphetamine a month from Berthiaume in 1995. The district court used two ounces a month in its calculation for 1995 drug sales.

Furthermore, Cooke's testimony as to the 1996 drug sales was corroborated by Brandon Hopkins, a former customer of Cooke's and a drug dealer.

Cooke testified that in 1996 he received two to three ounces from Berthiaume every couple of weeks, i.e., two to three ounces bi-weekly. According to Hopkins, Cooke told him that Cooke received about two to four ounces a couple of times a month from Berthiaume, i.e., two to four ounces semi-monthly. The district court used the lower estimate--four ounces a month--in its calculation of drug sales for 1996. In reaching its conclusion, the district court specifically stated that it had examined the testimony of Cooke and determined it to be credible evidence. The court also noted that it found Hopkins' testimony to corroborate that of Cooke's.

As the factfinder, the district court was in the best position to judge Cooke's credibility. And where, as here, Cooke's testimony was corroborated, we cannot say that we are left with a firm and definite conviction that the district court made a mistake by including drug quantities based on Cooke's testimony.

Berthiaume also challenges the quantities that Neumann claimed to have purchased from him as unreliable. Neumann did not testify in-person at sentencing, but his statements were proffered through the testimony of Special Agent James Ohm. Hearsay evidence is permissible at sentencing where the rules of evidence do not apply. Morrison, 207 F.3d at 967.

Ohm testified that Neumann told him that he purchased 1,020 grams of methamphetamine from Berthiaume over a nine-month period. Although Neumann's statement was uncorroborated, at sentencing, "the trial court is entitled to credit testimony that is 'totally uncorroborated and comes from an admitted liar, convicted felon, [or a] large scale drug-dealing, paid government informant.'" Galbraith, 200 F.3d at 1012 (quoting United States v. McEntire, 153 F.3d 424 (7th Cir. 1998)). Accordingly, the district court's reliance on the sales to Neumann was proper, and its calculation of the drug quantity attributable to Berthiaume was not clearly erroneous.

B

Berthiaume's second challenge is to the district court's decision to increase his base offense level for the possession of a weapon. Under the sentencing guidelines, if a dangerous weapon (including a firearm) was possessed during the commission of an offense involving drugs, the defendant's base offense level must be increased by two levels. See U.S.S.G. sec. 2D1.1(b)(1). The government bears the burden of proving by a preponderance of the evidence that the gun was possessed during the commission of the offense or

relevant conduct. Cain, 155 F.3d at 843. But, the government does not have to prove that the gun was connected to the offense. Id. If the government satisfies its burden, the burden shifts to the defendant to show that it was clearly improbable that the gun was connected to the offense. Id.

The government offered two bases upon which the sentence enhancement could be applied. First, it offered Cooke's testimony that on one occasion he sold a Ruger model 10/22 rifle to Berthiaume at a discount in exchange for partial payment on a drug debt. Berthiaume contends that the gun sale was a strict cash transaction and was not connected to the sale of methamphetamine. To bolster his assertion, Berthiaume offered the testimony of Randall Williamson, who was present during a gun sale.

Williamson testified that Berthiaume purchased a gun from Cooke at Berthiaume's home, but paid the full amount in cash and did not give Cooke a "drug credit." As the factfinder, the district court was entitled to give Cooke's testimony greater weight than that of Williamson's. See Anderson, 470 U.S. at 574, 105 S. Ct. at 1511 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") Accordingly, we find no clear error in the district court's decision to increase Berthiaume's base offense level for the possession of a gun.

Because only one weapon is needed to increase the base offense level under the sentencing guidelines, we do not need to determine whether the court's reliance on the government's second basis--that a gun found in Berthiaume's residence was possessed in connection with the offense-- was proper.

C

The last ruling that Berthiaume challenges is the district court's decision to deny him a three-level reduction for acceptance of responsibility. He asserts that his denial of the drug quantity found by the district court was not evidence of frivolously contesting relevant conduct but simply an indication of his desire for his sentence to reflect the actual quantity for which he was responsible.

The sentencing guidelines allow a federal court to reduce a defendant's drug offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense. . . ." U.S.S.G. sec. 3E1.1. However, application note 1(a) to that section provides that the court may refuse to

grant the reduction if it finds that the "defendant . . . falsely denies, or frivolously contests, relevant conduct that the court determines to be true. . . ."

This circuit has held that it is permissible to withhold an acceptance of responsibility deduction from a defendant who denies relevant conduct in the face of credible statements from witnesses tying him to the offense. Zehm, 217 F.3d at 515. As discussed above, the district court's decision to find the testimony of Cooke and the statement of Neumann credible was supported by the record. Consequently, faced with credible evidence that Berthiaume sold 3,735 grams and Berthiaume's insistence that he only sold 1,360.8 grams, we cannot say that the district court's finding that Berthiaume frivolously contested relevant conduct was improper. Accordingly, the district court's decision to refuse to reduce Berthiaume's offense level for acceptance of responsibility was not clearly erroneous.

III

For the foregoing reasons, we AFFIRM the district court's sentencing decision.