**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard L. HATCHETT, Defendant–**
**Appellant.**

No. 00–3807.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 14, 2001.

Decided Jan. 2, 2002.

Before FAIRCHILD, RIPPLE, and WILLIAMS, Circuit Judges.

ORDER

Richard Hatchett pleaded guilty to conspiracy to possess with intent to distribute cocaine base and cocaine, 21 U.S.C. §§ 846, 841(a)(1), and possession of cocaine base with intent to distribute, *id.* § 841(a)(1), and was sentenced to concurrent 236–month terms of imprisonment. He seeks to appeal, but his counsel has moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), believing all grounds for appeal to be frivolous. Hatchett did not respond to his attorney's motion to withdraw, *see* Cir. R. 51(b), although he was given additional time to do so. Thus,

because the *Anders* brief is facially adequate, we confine our review to the potential issues it identifies. *See United States v. Tabb,* 125 F.3d 583 (7th Cir.1997). We conclude that an appeal on those issues would be frivolous and therefore grant counsel's motion to withdraw and dismiss the appeal.

■ Counsel first examines whether Hatchett could argue that the district court overstated the amount of crack (510 grams) attributable to him. But, as counsel notes, the district court's decision is supported by ample witness testimony (elicited during the trials of Hatchett's codefendants) confirming that Hatchett and his coconspirators possessed far in excess of 510 grams. For instance, coconspirator Travis McCollough testified that, during the course of two years, he, Hatchett, and their cohorts sold a half-ounce to an ounce of crack per week to just two of their many buyers. This amounts to well over 1000 grams by itself, even if we assume the smallest amount of half an ounce per transaction. And several other witnesses testified to additional sales. In light of this evidence, the district court's drug-quantity finding would not be considered clearly erroneous, *see United States v. Galbraith,* 200 F.3d 1006, 1011 (7th Cir. 2000), and so we agree with counsel that an appeal on this issue would be frivolous.

■ Next, counsel considers whether Hatchett could challenge the district court's assessment of a two-level upward adjustment for possession of a firearm during commission of a drug offense. *See* U.S.S.G. § 2D1.1(b)(1). We would review this issue for clear error only. *United States v. Berkey,* 161 F.3d 1099, 1102 (7th Cir.1998). In determining that Hatchett was subject to the two-point increase, the district court relied on McCullough's testimony that Hatchett and all his coconspirators carried guns throughout the course of,

and in connection with, the conspiracy. That testimony, which Hatchett did not refute, would be enough for us to uphold the district court's decision. *See United States v. Berthiaume,* 233 F.3d 1000, 1004 (7th Cir.2000) (upholding two-level increase under § 2D1.1(b)(1) based on witness's testimony that he sold defendant firearm in exchange for payment on drug debt, notwithstanding another witness's testimony that defendant paid for firearm in cash and did not give seller "drug credit"). We therefore agree with counsel that an appeal on this ground would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.