In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1903

United States of America,

Plaintiff-Appellee,

v.

Antwone D. Smith,

Defendant-Appellant.

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 00 CR 114--Rudy Lozano, Judge.

Argued September 28, 2001--Decided February 14, 2002


  Before Posner, Easterbrook, and Kanne,
Circuit Judges.

  Kanne, Circuit Judge.  Defendant Antwone
D. Smith was convicted of possessing
cocaine base ("crack") with the intent to
distribute, in violation of 21 U.S.C.
sec. 841(a)(1). At sentencing, Smith
received a two-level sentencing
enhancement for possessing a firearm
during the commission of a drug offense,
pursuant to United States Sentencing
Guideline sec. 2D1.1(b)(1). Smith appeals
the application of this sentencing
enhancement. We affirm.

I.  History

  On June 28, 2000, Detectives Gerald
Pointer and Troy Campbell of the Gary,
Indiana Police Department arranged a
controlled drug purchase with a
confidential informant. The detectives
provided the confidential informant with
twenty dollars and sent him into a house
at 1916 Williams Street in Gary in order
to purchase crack. Under the surveillance
of the detectives, the informant went
into the house for about two minutes and
returned with 0.22 grams of crack. On
July 3, 2000, the detectives again
provided the same informant with twenty
dollars; the informant entered the same
house; and the informant returned with
0.2 grams of crack. As a result of these
two controlled purchases, Gary police

officers obtained a search warrant and on July 6, 2000, searched the house at 1916 Williams Street. The police found Smith and other people in the house along with approximately 3.7 grams of cocaine and 7.3 grams of marijuana. The police did not find any guns in the house nor in the possession of any of the people present in the house.

Smith was charged in Count I of the government's superceding indictment with possession with the intent to distribute crack, in violation of 18 U.S.C. sec. 841(a)(1). A jury found Smith guilty of that charge. The Pre-Sentence Investigation Report ("PSR") determined Smith's offense level to be fourteen, based on the amount of drugs found at the house and the amount of drugs sold during the first controlled purchase. The PSR added two levels for obstruction of justice pursuant to Sentencing Guideline sec. 3C.1. The report also added an additional two levels for possessing a firearm in relation to drug trafficking activity pursuant to Sentencing Guideline sec. 2D.1(b)(1) ("gun enhancement"). Thus, the PSR calculated a total offense level of eighteen.

At the sentencing hearing, the government called Detective Pointer to testify in support of the gun enhancement. Detective Pointer testified that on June 28, 2000, he provided the confidential informant with cash and instructed him to go into the house at 1916 Williams Street to purchase drugs. He testified that the informant went into the house and returned moments later with 0.22 grams of crack. Detective Pointer further stated that immediately upon returning, the informant told him that a male in the house had pointed a gun at him and said, "I'm going to lay you down." Detective Pointer testified that approximately ten days after June 28, he interviewed the informant, and that the informant identified Smith in a photo line-up. Detective Pointer testified that the informant pointed to Smith and stated that Smith was the individual from whom he had purchased crack and who had pointed a gun at him on June 28.

Detective Pointer also provided the following information about the informant. Prior to June 28, Detective Pointer saw the informant exit the house

at 1916 Williams Street. Detective Pointer apprehended the informant and found drugs on him. Instead of arresting the informant, Detective Pointer decided to use him for a controlled purchase. The June 28 controlled purchase was the first time that the informant had worked with Detective Pointer. Detective Pointer also used the informant to make a controlled purchase at 1916 Williams Street on July 3, 2000./1 Finally, Detective Pointer stated that the informant's assistance on the June 28 and July 3 controlled purchases provided the basis for obtaining a search warrant for 1916 Williams Street.

The district court applied Sentencing Guideline sec. 2D.1(b)(1) over Smith's objection that the informant was not reliable. In finding that the Guideline applied, the district court found that Detective Pointer's testimony pertaining to the informant's statement was reliable for three reasons. First, it noted that guns are commonly used in conjunction with drug transactions. Second, it noted that the informant told Detective Pointer about Smith's purported use of the gun immediately after he left the house at 1916 Williams Street. Finally, it noted that during the guilt phase, Mkiyah Goodlow, the tenant of the house, testified that she saw Smith in the house a couple of times and that she often saw guns in the house.

The district court then sentenced Smith to 45 months imprisonment. The application of the gun enhancement is the sole issue on appeal.

II.  Analysis

We review a district court's application of a sentencing enhancement pursuant to the Sentencing Guidelines for clear error. See United States v. Berthiaume, 233 F.3d 1000, 1002 (7th Cir. 2000). We will reverse only if we are left with the firm and definite conviction that the district court erred in applying the enhancement. See United States v. Galbraith, 200 F.3d 1006, 1011 (7th Cir. 2000). Further, we give special deference to findings based upon credibility determinations, which "can virtually never be clear error." United States v. Hickok, 77 F.3d 992, 1007 (7th Cir. 1996) (quotation omitted).

In this case, the district court applied Sentencing Guideline sec. 2D.1(b)(1), which provides: "If a dangerous weapon (including a firearm) was possessed, increase [the offense level] by 2 levels." U.S.S.G. sec. 2D.1(b)(1). For this Guideline to apply, the government needed to show by a preponderance of the evidence that Smith "possessed the firearm during the offense that led to the conviction, or during relevant conduct." United States v. Berkey, 161 F.3d 1099, 1102 (7th Cir. 1998). The government's proof with respect to this issue consisted solely of the testimony of Detective Pointer, who testified that immediately after completing the June 28 controlled purchase, the informant told him that Smith pointed a gun at him and threatened him. While it is true that Detective Pointer's testimony was hearsay, the Federal Rules of Evidence do not apply at sentencing hearings, and "a sentencing judge is free to consider a wide variety of information that would be inadmissible at trial, including hearsay." United States v. Barnes, 117 F.3d 328, 337 (7th Cir. 1997) (quotation omitted). All that is required is that the information bear "sufficient indicia of reliability to support its probable accuracy." United States v. Morrison, 207 F.3d 962, 967 (7th Cir. 2000). We review a district court's determination as to the reliability of hearsay sentencing evidence for an abuse of discretion. See Barnes, 117 F.3d at 337.

The district court did not abuse its discretion in finding that Detective Pointer's testimony relaying the informant's statement bore sufficient indicia of reliability. First, the timing of the informant's statement to Detective Pointer supports the statement's reliability. See United States v. Johnson, 227 F.3d 807, 815 (7th Cir. 2000). In that case, the district court applied a sentencing enhancement for obstruction of justice based partly on an informant's statement to a DEA agent that the defendant had threatened him while they were both in jail. See id. We affirmed the enhancement and held that the fact that the informant told the DEA agent about the threat immediately upon being released from jail supported its reliability. See id. As in Johnson, the reliability of the informant's statement

in this case is supported by the fact that he made it immediately upon exiting the house.

Further, the informant's statement that Smith possessed a gun on June 28 was consistent with his other statements to Detective Pointer and with the rest of the evidence in the case. See United States v. Westmoreland, 240 F.3d 618, 630 n.4 (7th Cir. 2001) (finding informant's statements reliable where they "were generally consistent, both internally and with the remainder of the evidence"). For example, Goodlow testified that on several occasions, she saw Smith in the house at 1916 Williams Street. She also testified that she often saw guns in the house.

Smith argues that the district court erred in applying the gun enhancement because its "determination was based solely on the uncorroborated, out of court statement of an unidentified, confidential informant." Smith's argument misstates the law, as we have held that uncorroborated hearsay may be the basis for sentencing under the Sentencing Guidelines in certain cases. See, e.g., Berthiaume, 233 F.3d at 1003; United States v. Atkin, 29 F.3d 267, 268-69 (7th Cir. 1994).

In Berthiaume, the district court sentenced the defendant under Sentencing Guideline sec. 2D.1(c)(3), which calculates the sentence based on the amount of drugs attributable to the defendant. 233 F.3d at 1002. The district court found by a preponderance of the evidence that the amount of drugs attributable to the defendant was 3,735 grams of methamphetamine. See id. We affirmed this calculation where the district court attributed 1,020 grams of methamphetamine to the defendant based solely on a law enforcement agent's testimony about what an informant told him. See id. at 1003. The law enforcement agent testified that an informant told him that he had purchased approximately 1,020 grams of methamphetamine from the defendant over a nine-month period. See id. We held that "[a]lthough [the informant's] statement was uncorroborated, at sentencing, the trial court is entitled to credit testimony that is totally uncorroborated and comes from an admitted liar, convicted felon,

or a large scale drug-dealing, paid government informant." Id. (quotation omitted).

The informant's statement in our case bears at least as many indicia of reliability as the informant's statement in Berthiaume. First, in the present case, Goodlow's testimony supported the informant's statement. Next, the informant in our case told Detective Pointer that Smith had a gun immediately after leaving the house. There is no indication about when the informant in Berthiaume told the law enforcement agent about his drug transactions with the defendant; and the reliability of those statements depended much more on the memory of the informant, as they concerned drug transactions that occurred over a nine-month period. Therefore, as in Berthiaume, the district court did not abuse its discretion in finding that the hearsay testimony was reliable.

Finally, Smith's argument that the gun enhancement was based on unreliable evidence because the police did not find any weapons on his person or at the house when they arrested him is a red herring. At issue is whether he possessed a gun during the relevant conduct of the offense, not whether he possessed a gun when he was arrested. See Berkey, 161 F.3d at 1102. Therefore, the gun enhancement was proper if Smith possessed a gun on June 28, regardless of whether he possessed a gun on July 6, the day of his arrest.

III.  Conclusion

For the foregoing reasons, we AFFIRM.

FOOTNOTE

/1 On July 3, 2000, Smith was incarcerated on an unrelated matter, and therefore, was not at 1916 Williams Street during the second controlled purchase.