NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted April 18, 2007
Decided April 25, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-2144

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
|     *v.* | No. 04 CR 79 |
| AARON D. HUNTER, <br>     *Defendant-Appellant*. | Barbara B. Crabb, <br> *Chief Judge*. |

## O R D E R

This case is before us for the second time. Aaron Hunter pleaded guilty to one count of distributing cocaine base, 21 U.S.C. § 841(a)(1), and initially was sentenced to 210 months' imprisonment and five years' supervised release. In the prior appeal we agreed with Hunter that, in light of the holding in *United States v. Booker,* 543 U.S. 220 (2005), he should be resentenced. *United States v. Hunter*, No. 04-4306, slip. op. at 1-5 (7th Cir. Nov. 15, 2005). On remand the district court recalculated the imprisonment range and imposed a term of 250 months, 12 months below the guidelines minimum. Hunter filed a notice of appeal, but appointed counsel now moves to withdraw because she cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). For his part, Hunter accepted our invitation to respond to his lawyer's motion, *see* Cir. R. 51(b), but he does not identify any potential issue not discussed by counsel. Because counsel's

supporting brief is facially adequate, we limit our review to the potential issues that she identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Hunter sold cocaine base to an informant five times between November 2003 and January 2004. He pleaded guilty to just one of those distributions, but in his plea agreement he stipulated that the Government could prove beyond a reasonable doubt that his conduct involved 17.57 grams of cocaine base. At the first sentencing, the district court overruled Hunter's objection and classified him as a career offender based upon his prior convictions for residential burglary and delivery of cocaine. *See* U.S.S.G. § 4B1.1(a). After giving credit for acceptance of responsibility, *see id.* § 3E1.1(a), the court calculated a guidelines imprisonment range of 210 to 262 months and sentenced Hunter to the minimum.

On remand Hunter repeated his earlier contention that his conviction for residential burglary is not a crime of violence that should count toward application of the career-offender guideline. He also argued that the Government had not met its burden of proving that the cocaine base he distributed was crack. This time the Government introduced laboratory reports, live testimony from two witnesses, and the informant's statements to police to show that the substance was crack. When Hunter offered no evidence to the contrary, the district court found beyond a reasonable doubt that he sold crack and also concluded that he no longer was entitled to credit for acceptance of responsibility. The court repeated its earlier finding that Hunter was a career offender, though without the acceptance points the imprisonment range jumped to 262 to 327 months. The court selected 250 months, a term 12 months below the guidelines minimum.

Counsel first informs us that Hunter wants to argue that the district court lacked "jurisdiction" to sentence him as a career offender because his qualifying convictions were not pleaded in his indictment or proved to a jury beyond a reasonable doubt. Counsel, though, correctly concludes that this argument would be frivolous because it could have been raised in Hunter's first appeal and thus is outside the scope of our remand in that case. *See United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002); *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("[P]arties cannot use the accident of remand as an opportunity to reopen waived issues."). That reasoning also answers another potential issue posed by Hunter's lawyer; counsel discusses whether Hunter could argue that the district court improperly determined that his conviction for residential burglary qualified as a crime of violence for purposes of applying the career-offender guidelines, *see* U.S.S.G. § 4B1.1(a), but this argument likewise could have been raised in the first appeal and is now foreclosed. *See Husband*, 312 F.3d at 250-51; *Morris*, 259 F.3d at 898.

Counsel next considers whether Hunter might argue that the Government failed to prove to a jury beyond a reasonable doubt that he sold crack, not some other form of cocaine base. This potential argument is within the scope of our remand, *see Hunter*, No. 04-4306, slip op. at 5, and proof beyond a reasonable doubt of the drug type and quantity was essential because the 250-month term imposed by the district court exceeds the 20-year default maximum for cocaine offenses, *see* 21 U.S.C. § 841(b)(1)(B); *United States v. Bjorkman*, 270 F.3d 482, 491-92 (7th Cir. 2001); *United States v. Nance*, 236 F.3d 820, 825 (7th Cir. 2000). Hunter, though, waived his right to a jury determination of the drug type and quantity when he pleaded guilty to the distribution offense, *see United States v. Gilliam*, 255 F.3d 428, 432 (7th Cir. 2001), so all that matters here is whether the Government satisfied the applicable burden of proof. At resentencing the Government's evidence included the laboratory reports and the testimony of the chemist who analyzed the cocaine base Hunter sold the informant; the chemist concluded that the cocaine base was in the form of crack and weighed more than five grams. Hunter put forward no evidence to rebut this evidence. The district court, as factfinder, was justified in concluding beyond a reasonable doubt that Hunter dealt crack, raising his statutory maximum sentence to 40 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). We agree with counsel that it would be frivolous to argue that the district court's determination was clearly erroneous. *See United States v. Robinson*, 435 F.3d 699, 701 (7th Cir. 2006).

Counsel next identifies as a potential issue whether the district court properly denied Hunter a reduction in offense level for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). At the resentencing the district court found that Hunter no longer was entitled to acceptance points because he refused to admit that he sold crack despite overwhelming evidence about the nature of the substance. We would review the court's application of § 3E1.1 for clear error, *see United States v. Taliaferro*, 211 F.3d 412, 414 (7th Cir. 2000), and in this case counsel is correct to conclude that any challenge to the court's finding would be frivolous. Hunter continued to deny selling crack in the face of strong documentary and testimonial evidence to the contrary, and we have held repeatedly that a district court may find that the defendant has not accepted responsibility when he continues to deny relevant conduct after being confronted with evidence that refutes his position. *See United States v. Booker*, 248 F.3d 683, 689-91 (7th Cir. 2001); *United States v. Berthiaume*, 233 F.3d 1000, 1004 (7th Cir. 2000).

Counsel also considers whether Hunter could argue that his prison term is unreasonably long. The district court properly calculated the guidelines range, discussed the sentencing factors in 18 U.S.C. § 3553(a) relative to its choice of sentence, *see United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005), and imposed a term of imprisonment 12 months below the guidelines range. We have held that a sentence within the properly calculated guidelines range is presumed to be

reasonable, *see United States v. Gama-Gonzales*, 469 F.3d 1109, 1110 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), as is a below-range sentence, *see United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). While we are mindful that the Supreme Court has granted a writ of certiorari to decide what weight should be given to guidelines calculations in determining the reasonableness of a sentence, *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W. 3246 (U.S. Nov. 3, 2006) (No. 06-5754), we would uphold Hunter's sentence even without a presumption of reasonableness. We agree with counsel that it would be frivolous for Hunter to argue that his sentence is unreasonable.

Finally, counsel questions whether Hunter has a potential claim of ineffective assistance of counsel, but such a claim is best raised in a motion under 28 U.S.C. § 2255 where a full record may be developed. *See Massaro v. Unites States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.