NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 28, 2009
Decided February 6, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-1616

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 CR 271 |
| MARK CLARK, also known as HAMMER, also known as PRINCE BLACK, *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

Mark Clark was charged with distributing crack cocaine, 21 U.S.C. § 841(a)(1), after a five-year investigation into his drug-trafficking activities as a high-ranking member of the Gangster Disciples. Throughout 2004 a confidential source working with the Drug Enforcement Administration made several purchases of crack from Clark. Clark pleaded guilty to one count of distributing crack and was sentenced to 360 months, the low end of the imprisonment range.

On appeal Clark's only argument is that the district court erroneously applied a two-level upward adjustment for possession of a firearm during the offense. *See* U.S.S.G § 2D1.1(b)(1). Clark argues that the district court could not reasonably rely on the evidence put forth by the

government—testimony of a "stale event" and "summaries of hearsay statements"—to conclude that he possessed a firearm during the drug distribution.

To obtain an increase under § 2D1.1(b)(1), the government need only prove by a preponderance of the evidence that the defendant possessed a gun or other dangerous weapon while committing the offense of conviction or conduct relevant to that offense. *United States v. Rollins*, 544 F.3d 820, 837 (7th Cir. 2008); *United States v. Womack*, 496 F.3d 791, 797 (7th Cir. 2007); *United States v. Bothun*, 424 F.3d 582, 586 (7th Cir. 2005). If the government proves possession, the increase applies unless the defendant demonstrates that a connection between the weapon and the offense was "clearly improbable." *Womack*, 496 F.3d at 798; *United States v. Olson*, 450 F.3d 655, 684 (7th Cir. 2006); *Bothun*, 424 F.3d at 586. In applying § 2D1.1(b)(1) the sentencing court may consider evidence that would be inadmissible at trial, including hearsay, so long as it bears sufficient indicia of reliability. *United States v. Smith*, 280 F.3d 807, 810 (7th Cir. 2002); *United States v. Jones*, 371 F.3d 363, 369 (7th Cir. 2004). This court reviews applications of § 2D1.1(b)(1) for clear error, *United States v. Souffront*, 338 F.3d 809, 832 (7th Cir. 2003), and reviews determinations about the reliability of sentencing evidence for an abuse of discretion, *Smith*, 280 F.3d at 810.

At Clark's sentencing hearing, Chicago police officer Sergio Velazquez testified that in 2001 he responded to a call about a man with a gun and found Clark, who matched the description of the man from the call. Officer Velazquez did not find a gun on Clark but arrested him based on a traffic warrant. After Velazquez administered *Miranda* warnings, Clark bragged that Velazquez "had caught him on a bad day" because he "usually had a pistol on him." The government also submitted the written plea agreement executed by Lazarus Gonzales, the third defendant named in the indictment in this case, in which he swore that he carried a gun when he served as security in Clark's drug organization and knew Clark to possess guns in relation to his drug activities. Finally, the government submitted statements from three cooperating sources—CS-4, CS-5, and CS-6—who all confirmed Clark's possession of firearms. CS-4 stated that Clark had a storage unit containing a variety of guns; CS-5 stated that he saw Clark carry a handgun in his waistband; and CS-6 stated that he saw numerous guns in the apartment out of which Clark ran his drug-distribution operation and saw Clark with a gun on several occasions.

As noted, the government did not need to show that Clark possessed a dangerous weapon during the specific drug transaction for which he was convicted; the increase applies if he possessed a gun during any relevant conduct. *Rollins*, 544 F.3d at 837; *Womack*, 496 F.3d at 797. In fact, since Clark was not working alone, the government did not even have to prove it was Clark who possessed a weapon: codefendant Gonzales's admission that he carried a gun while protecting Clark was, by itself, enough to justify applying § 2D1.1(b)(1) because Clark's relevant

conduct included the reasonably foreseeable acts of others committed in furtherance of jointly undertaken criminal activity.  *See* U.S.S.G. § 1B1.3*; United States v. Emerson*, 501 F.3d 804, 815 (7th Cir. 2007); *United States v. Luster*, 480 F.3d 551, 557-58 (7th Cir. 2007); *United States v. Hernandez*, 330 F.3d 964, 991 (7th Cir. 2003).  That aside, the cooperating witnesses' statements and Officer Velazquez's testimony independently established that Clark possessed guns during his relevant conduct.  *United States v. Farmer*, 543 F.3d 363, 371-72 (7th Cir. 2008) (upholding the district court's reliance on co-conspirator's statements in applying § 2D1.1(b)(1)); *United States v. Morris*, 498 F.3d 634, 645 (7th Cir. 2007) (holding that cooperating witness's testimony that defendant handed him a gun after being stopped by police was ample evidence to support increase under § 2D1.1(b)(1)).

Clark, moreover, has never even asserted—and certainly never offered any evidence—that a connection between the guns he possessed and his drug trafficking was clearly improbable. *See United States v. Acosta*, 534 F.3d 574, 589-90 (7th Cir. 2008) (holding that defendant failed to meet burden of disproving connection between gun and drug conspiracy where he presented no evidence); *United States v. Anderson*, 452 F.3d 87, 92 (1st Cir. 2006) (explaining that defendant's assertion that he bought gun after home invasions did not establish absence of connection between gun and crime).  Thus, Clark has failed to demonstrate any error in the application of § 2D1.1(b)(1).

Accordingly, we AFFIRM Clark's conviction and sentence.