NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 3, 2013
Decided November 1, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-1497

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:09-CR-01046-6 |
| LAO ZHU (YONGXIE ZHU), *Defendant-Appellant.* | Robert M. Dow, Jr., *Judge.* |

**O R D E R**

Defendant Lao Zhu pled guilty to one count of conspiracy to defraud the United States and one count of aggravated identity theft for his part in a massive scheme to fraudulently obtain Illinois identification cards and drivers' licenses for ineligible applicants. Zhu appeals his sentence arguing that the district court incorrectly determined that Zhu was responsible for 100 or more fraudulent documents. We disagree. The district court's conservative calculation was reasonable and supported by the preponderance of the evidence. Therefore, we affirm Zhu's sentence.

# I. BACKGROUND

Zhu and his co-conspirators were charged with helping individuals fraudulently obtain Illinois drivers' licenses by providing them with fake passports, fake proof of residency documents, and Social Security cards belonging to third parties. On May 14, 2012, Zhu entered a guilty plea on two counts: conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count One), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Five). As part of his plea, Zhu admitted that from 2004 to 2007 he referred customers and supplied Social Security cards to his co-conspirators, Lili Liu and Jun Yun Zhang. Specifically, Zhu admitted to referring "approximately 20 to 30 customers to Lili Liu" and to providing Social Security cards to Jun Yun Zhang "on multiple occasions." At sentencing, the Probation Office provided specifics in its Presentence Investigation Report ("PSR") regarding the number of documents attributable to Zhu, and found that Zhu supplied Jun Yun Zhang with 80 to 200 Social Security cards.

The PSR concluded that Zhu was responsible for 100 or more documents and recommended a nine-level increase to his offense level. Zhu objected, arguing that a six-level enhancement was appropriate because he was responsible for 25 to 99 documents. Crediting the PSR's findings, the district court concluded that Zhu was responsible for 100 or more documents in the conspiracy and applied a nine-level increase to Zhu's offense level, which yielded an offense level of 23 and resulted in an advisory Guidelines range of 46 to 57 months for Count One. The district court sentenced Zhu to 41 months for Count One. As Count Five carried a mandatory minimum sentence of two years to run consecutive to Count One, pursuant to 18 U.S.C. § 1028A(a)(1), Zhu's total sentence was 65 months' imprisonment. Zhu appeals.

# II. ANALYSIS

The only issue on appeal is whether the district court erred in finding that Zhu's offense involved 100 documents or more. Under U.S.S.G. § 2L2.1(b)(2), a defendant's offense level for dealing in fraudulent documents is subject to increase based on the number of fraudulent documents involved. The provision specifies a six-level increase for 25 to 99 documents, and a nine-level enhancement for 100 or more documents. We review challenges to factual determinations at sentencing for clear error. *United States v. Hill*, 563 F.3d 572, 577 (7th Cir. 2009).

Zhu challenges the facts on which the lower court relied. He argues that there was no evidence above the 20 minimum number of customers Zhu admitted he referred to Lili Liu. But Zhu's position is unsupported by the record. In his plea agreement, Zhu admits

to providing Social Security cards to Jun Yun Zhang on various occasions. In addition to Zhu's plea agreement, the district court relied on the facts in the PSR, which were based in part on the grand jury statements of Lili Liu and Tao Zhang (son of Jun Yun Zhang) and a proffer interview with Jun Yun Zhang.

The court did not clearly err in relying on the PSR and finding that the included statements were reliable. In calculating a defendant's sentencing range, a court may consider all relevant information that has "sufficient indicia of reliability to support its probable accuracy," U.S.S.G. § 6A1.3 (2011); *United States v. Morales*, 655 F.3d 608, 646 (7th Cir. 2011), and may adopt the factual findings of the PSR if it has indicia of reliability, Fed. R. Crim. P. 32(b)(6)(D); *United States v. Berkey*, 161 F.3d 1099, 1101-02 (7th Cir. 1998). In this case, the grand jury statements and proffer interview provided detailed, corroborated testimony by co-conspirators. *See United States v. Ewers*, 54 F.3d 419, 421-22 (7th Cir. 1995) (holding that self-interested witnesses can be reliable when they provide detailed testimony that is corroborated by other witnesses or facts). Both Lili Liu and Tao Zhang admitted to participating in the conspiracy. They implicated Zhu in their criminal activities and he admitted that he worked with them in the conspiracy. So the court did not err in finding that there was reliable evidence of criminal activity undertaken by Zhu other than the customers he admitted referring to Lili Liu.

But Zhu's main argument is that the district judge erred under the Sentencing Guidelines by including multiple documents used by one customer in his calculation of documents attributable to Zhu. This argument is unsupported by a complete reading of the district court's ruling.

Application Note 2 of U.S.S.G. § 2L2.1(b)(2) establishes that multiple documents that are part of a set intended for use by one customer only count as one document. Zhu's argument that the judge violated Application Note 2 is based on a small portion of the proceeding where the judge began adding multiple documents provided to the same customer. However, when defense counsel noted that Application Note 2 prohibited calculating in that manner, the court corrected its calculation. The court ultimately reached 100 documents by adding the 20 minimum customers Zhu admitted to referring to Lili Liu to the 80 minimum Social Security cards the PSR found Zhu supplied for Jun Yun Zhang's customers. The district court's ultimate calculation only counts one document per customer and does not violate U.S.S.G. § 2L2.1(b)(2) Application Note 2.

Since the district court did not clearly err in relying on the PSR or in calculating the number of documents attributable to Zhu under U.S.S.G. § 2L2.1(b)(2), we do not conclude that the court clearly erred in finding that Zhu was responsible for 100 or more documents

and applying a nine-level enhancement to his offense level.

### III. CONCLUSION

The judgment of the district court is **AFFIRMED**.