**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCO ANTONIO RINCON-TORRES,

    Defendant - Appellant.

No. 10-3212
(D.C. No. 2:09-CR-20165-CM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Marco Antonio Rincon-Torres appeals from a judgment and sentence imposed for

one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2).

According to him, the judge imposed an excessive and therefore unreasonable sentence,

first by applying a "facially unreasonable" Sentencing Guideline, U.S.S.G §

2L1.2(b)(1)(A), and then by not varying from the resulting guidelines range. (Appellant

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

Br. at 7.)  We affirm. [1]

## BACKGROUND

Rincon-Torres entered the United States in 1984 at age fourteen and was granted Legal Permanent Resident status in 1990.  In 1994, he was convicted of assault with a firearm and second degree robbery and was sentenced to three years of imprisonment. As a result of those convictions, his immigration status was revoked and he was ordered to be deported in 1996.  His case was reopened and he requested adjustment of status based on a Petition for Alien Relative filed by his United States citizen wife.  In 1997 the immigration court denied his application to adjust status and again ordered him to be deported.  He failed to appear for deportation in January of 1998 but was eventually deported in July of that year.  He reentered the country illegally the day after deportation and remained here until he was stopped for speeding in November 2009 and a record check revealed an immigration hold.  Rincon-Torres was charged with reentry after deportation.  He pled guilty on January 25, 2010. [2]

The Presentence Investigation Report (PSIR) calculated a base offense level of 8, which was enhanced to 24 under U.S.S.G. § 2L1.2(b)(1)(A) because Rincon-Torres had previously been deported after a felony conviction for a crime of violence.  His offense level was reduced by 2 levels for cooperation under § 3E1.1(a) and by 1 additional level based on an anticipated motion by the government to reduce under § 3E1.1(b), for a total

---

[1] Our jurisdiction derives from 28 U.S.C. § 1291.

[2] Rincon-Torres originally pled guilty pursuant to a plea agreement containing an appeal waiver but, at sentencing, the judge permitted the parties to strike that provision of the agreement.

offense level of 21.  His convictions for assault with a firearm and second degree robbery, along with a conviction for driving under the influence in 2002 and the fact that the instant offense was committed while he was on probation for the two felonies, resulted in a criminal history category of III.  His guideline sentencing range was 46-57 months.

He filed a sentencing memorandum objecting to the application of § 2L1.2(b)(1)(A) and requesting a sentence of time served or probation.  The government requested a sentence of 46 months, the low end of the guidelines range.  The judge, after considering Rincon-Torres' sentencing memorandum and statements at sentencing, the modified plea agreement, the PSIR, the guidelines, and the factors set forth in 18 U.S.C. § 3553, determined the guidelines range was properly calculated at 46-57 months and sentenced him to 46 months of imprisonment to be followed by 2 years of supervised release.  When asked if he objected to the "proposed findings of fact and tentative sentence for the record," defense counsel stated he did not.

## DISCUSSION

A.    Waiver

The government contends Rincon-Torres waived his right to appeal the sentence because he stated he had no objections after it was imposed.  "The Supreme Court has instructed that waiver is the intentional relinquishment or abandonment of a known right."  *United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008) (quotation omitted).  "[A] party who has waived a right is not entitled to appellate review."  *Id.* (citing *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006)).  "We typically

find waiver in cases where a party has invited the error that it now seeks to challenge, or where a party attempts to reassert an argument that it previously raised and abandoned below." *Id.* We do not rely solely on counsel's discourse with the court, but examine "the sequence of events to determine whether the purported waiver was knowing and voluntary." *Id.* at 1207 (quotations omitted).

It is highly unlikely that Rincon-Torres intended, by that one statement, to waive his right to appeal the 16-level enhancement. He raised and thoroughly argued the issue consistently at every stage in the proceedings. His statement came at the end of the sentencing hearing, the entire focus of which was his argument about this enhancement, and immediately after the court had ruled against him on that point. He had just participated in a lengthy colloquy modifying his plea agreement to preserve his right to appeal. Viewing the entire sequence of events, it is clear his negative answer to the court's question of whether he had any objections meant he intended to raise no other issues at that time and sentence could be pronounced. The government reads too much into an innocuous statement and also ignores the context in which it was made. Rincon-Torres did not waive his right to appeal the enhancement of his sentence under U.S.S.G. § 2L1.2(b)(1)(A).

B.     Reasonableness

We review a criminal defendant's sentence for reasonableness, deferring to the district court under the familiar abuse-of-discretion standard of review. Reasonableness review has a procedural and a substantive component. A court may commit procedural error in imposing a sentence by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or

failing to adequately explain the chosen sentence. In performing substantive reasonableness review, we consider whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a). A sentence imposed within the properly calculated advisory range is entitled to a rebuttable presumption of reasonableness.

*United States v. Lewis*, 625 F.3d 1224, 1231 (10th Cir. 2010) (quotations and citations omitted), *cert. denied*, 131 S. Ct. 1790 (2011).

1.      Procedural

Rincon-Torres argues the judge erred in applying U.S.S.G. § 2L1.2(b)(1)(A) because the provision reflects an unsound judgment of the Sentencing Commission. He claims the lack of a time limit for considering convictions under the guideline renders it facially unreasonable in light of the fifteen-year limit for assigning criminal history points to convictions.[3] *See* U.S.S.G. § 4A1.2(e). We have previously rejected this argument. "The fact that Section 2L1.2(b) addresses the seriousness of the offense - as opposed to the risk of recidivism - explains the absence of time limitations on qualifying predicate convictions." *United States v. Chavez-Suarez*, 597 F.3d 1137, 1138 (10th Cir.), *cert. denied*, 131 S. Ct. 286 (2010).

He also argues the section unfairly double-counts convictions already accounted for in criminal history points.

[W]e have routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where, as here, the Guidelines authorize it. *See Alessandroni*, 982 F.2d at 421; *United States v. Florentino*, 922 F.2d 1443, 1447-48 (10th Cir.1990);

---

[3] This argument is strained given that his conviction did, in fact, count toward his criminal history points under § 4A1.2(e)(1) because he was incarcerated during the fifteen-year look-back period in the guideline.

*see also United States v. Murriega-Santos*, 2006 WL 3291683 at *2 (10th Cir. Nov.14, 2006) (unpub.) (holding that double counting under Section 2L1.2 is permissible); *United States v. Hernandez-Juarez*, 185 Fed.Appx. 758, 762-63 (10th Cir. 2006) (unpub.) (same).

*United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007). The judge was free to reject Rincon-Torres' policy arguments and "has no obligation to duplicate the efforts of the Sentencing Commission or Congress and decide what guidelines policy it would impose if it were the sole decision-maker." *Lewis*, 625 F.3d at 1232. It was not procedurally unreasonable for the district court to apply U.S.S.G. § 2L1.2(b)(1)(A) in calculating his guidelines sentence range.

2.  Substantive

Rincon-Torres argues the judge was unreasonable in not deviating from the guidelines because the conviction used to enhance his sentence significantly was more than fifteen years old and Rincon-Torres did not present a risk of recidivism. The 46-month sentence falls within the properly calculated guideline range and is therefore entitled to a presumption of reasonableness on appeal. *United States v. Kristl*, 437 F.3d 1050, 1054 (2006). "Reasonableness review is guided by the factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 1053. In order to rebut the presumption of reasonableness, Rincon-Torres must show the guidelines sentence is unreasonable when viewed against the other § 3553(a) factors, including "the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, [and] to protect the public . . . ." *Id.* at 1053, 1054.

At sentencing, the court set forth its decision, in relevant part, as follows:

In accordance with provisions set forth at 18 United States Code Section 3553 A, the court has considered the nature and circumstances of the offense, and the history and characteristics of the defendant. Specifically, court has considered that the defendant is 40 years old, and reportedly has lived in the United States since he was 14 years old, most of the time illegally. In 1994, he was sentenced to three years imprisonment in a Los Angeles County Superior Court in connection with a felony conviction for assault with a firearm and robbery in the second degree. From 1996 to 1998, the defendant was involved in multiple immigration proceedings in which he attempted to contest the immigration court's ruling that he be deported. After apparently exhausting these proceedings, he was deported to Mexico in July 1998. He reportedly reentered the United States the day after he was deported, and he has continued to reside here illegally since that time. The court has considered that defendant's convictions resulting in his deportation are now about 16 years old. But the court also considered the serious nature of those convictions as well as defendant's disregard for the immigration laws of this country as demonstrated by his reentry into this country as an aggravated felon only the day after he was deported. Defendant recognizes the age of defendant's aggravated felony convictions has accrued while the defendant has resided in the United States illegally.

. . .

To your credit, for the most part while you've been in the United States, it doesn't appear other than in 2002, you had any other contact with the courts because of a criminal offense. At least that's the court's information today. Now, on the other side of that is the fact that since that time that you returned, you returned unlawfully. You did not have permission to be here. And the court does agree that the DUI, the driving under the influence, is an offense that has very serious possible outcomes in most cases. I don't know the circumstances completely, but anytime someone is driving under the influence, there's a risk and danger to not only the driver who's impaired, but also the public, because they could be struck or damaged, harmed or killed because of that. There's also something to be said for the court's consideration of the sentencing guidelines. I've all ready [sic] mentioned that. In those guidelines, there actually appears to have been some thought, some effort made at determining a graduated level of adjustment based on the type of conviction that a defendant has in regards to these type of offenses. Unfortunately for you, you had the 16 levels that were made part of this calculation. There's a reason for that. Court's considered that as well, does not find today that there's been any sufficient evidence or sufficient argument for this court to find that that should not be considered by the court or in fact disregarded by the court. Again, I

- 7 -

understand the request for a variance at this time, but again, upon review of the statute which again set out by the court indicated the nature and circumstances of the offense, history and characteristics of the defendant, unfortunately for you, Mr. Rincon Torres, I don't find any uniqueness or exceptional quality or dissimilarity between others that would dictate to the court that there should be a variance granted in your case. Having said that, the court recognizes this is a long sentence for you. I understand the hardship for yourself and your family members. But again, for the reasons the court has set out, I believe a sentence within the guideline range would be appropriate for you. Usually, with someone in your situation, the court would consider 46 to 57 months, would consider probably the mid range which would be right around 51 months to be a sentence. There could be an argument that you have a criminal history that would say maybe go to the 57 months. I believe that the low end of that guideline range of 46 months would be sufficient in your case.

(R. Vol. 2 at 74-78).

Rincon-Torres argues the U.S.S.G. § 2L1.2(b)(1)(A) enhancement rendered the sentence unjust. However, he neglects to address the other negative factors weighing against him and carefully considered by the judge, including his immediate violation of the deportation order resulting from his felony convictions, his lengthy and repeated illegal presence in the United States, and his other conviction of a serious offense (driving under the influence) while illegally present in the United States. He has utterly failed to rebut the presumption (on appeal) of reasonableness of his guidelines sentence.

**AFFIRMED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge