**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MIGUEL HERNANDEZ-VALDEZ,

      Defendant-Appellant.

No. 11-2116

(D.C. No. 1:10-CR-03096-LH-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Miguel Hernandez-Valdez appeals a sentence of thirty-three months' imprisonment for the offense of being an alien in possession of a firearm. See 18 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§§ 922(g)(5) and 924(a)(2). He argues that the district court erred in applying a four-level sentencing enhancement under United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(6) for his possession of the firearm in connection with another felony offense. We exercise jurisdiction under 28 U.S.C. § 1291. Although we conclude that the court failed to engage in fact finding as required by Federal Rule of Criminal Procedure 32(i)(3), we affirm because Hernandez-Valdez has not shown that the court committed plain error.

## I. Factual and Procedural Background

Hernandez-Valdez was sentenced to thirty-three months in prison after he pled guilty to being an alien in possession of a firearm and ammunition under 18 U.S.C. §§ 922(g)(5) and 924(a)(2). ROA, Vol. 2 at 2. The base level for this offense was fourteen, and a presentence investigation report (PSR) adopted by the court set forth two grounds for increasing this level. Under U.S.S.G. § 2K2.1(b)(4)(B), the PSR suggested an increase of four levels for possession of a firearm with a partially obliterated serial number. The PSR also concluded that an additional four-level increase was warranted under U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense—aggravated assault under New Mexico Statutes Annotated § 30-3-2. Finally, the PSR applied a two-level reduction for acceptance of responsibility, arriving at a total offense level of twenty. Given Hernandez-Valdez's criminal history category of II, the Guidelines provided a sentencing range of thirty-seven to forty-six months. Id. at 5–6.

The PSR set forth the following facts. Hernandez-Valdez was born in Mexico, and he was in the United States illegally. On August 30, 2010, he and two friends drove in a blue Jeep Grand Cherokee to the home of Morgan and Tomas Torres. Morgan told police that Hernandez-Valdez pointed a gun at him from the vehicle and demanded payment for work Hernandez-Valdez had done. Morgan, who was afraid Hernandez-Valdez might hurt him, paid the money. It was at this point that police arrived, responding to a call from the residence, and took Hernandez-Valdez and the men with him into custody. Police searched the vehicle and found a Hi-Point model C9 9 mm handgun under the driver's seat and two spent shell casings near the windshield wipers. The firearm had a partially obliterated serial number.

Morgan's father, Tomas, told police that Hernandez-Valdez and his companions had also threatened him earlier that day, near a residence where Morgan and Tomas were working. There, Hernandez-Valdez had demanded that the Torreses pay him, and Tomas had refused, explaining that Tomas himself had not yet been paid by the owner of the residence where the work was done. Tomas told police that Hernandez-Valdez had brandished a handgun and fired eight rounds at the worksite in an attempt to scare him. Tomas also reported that Hernandez-Valdez and the men with him had appeared intoxicated.

Earlier on August 30, police had responded to a shooting at a commercial building in Albuquerque, where a witness told them he had seen two men fire a gun at a dirt embankment from a blue Jeep Grand Cherokee. Police recovered two spent casings in

3

the parking lot of the building.

Hernandez-Valdez, represented by counsel, pled guilty to being an alien in possession of a firearm. He received the PSR described above on March 17, 2011, and submitted a sentencing memorandum on May 10, 2011, in which he requested that the court impose a sentence below the Guidelines range. While he stated that he "d[id] not dispute that the PSR . . . relates the facts that are given by the government," he argued that "several factors . . . take this defendant outside the heartland of cases" and justify a sentence lower than the PSR's recommendation. ROA, Vol. 1 at 3.

In the memorandum, Hernandez-Valdez asked the court to take into account that he had neither participated in the removal of his gun's serial number, nor was he aware that it was obliterated. Id. at 3. He acknowledged, however, that the applicability of the enhancement did not require his knowledge that the number was missing. Id. at 6. He also stated that the Torreses had "falsely accused [him] of threatening them with his gun." Id. at 3. Hernandez-Valdez admitted that he had fired his gun into an embankment as reported in the PSR, but he "dispute[d] the allegations made by Morgan Torres and Tomas Torres that he ever displayed his firearm and threatened them with it." Id., Vol. 1 at 7. Hernandez-Valdez also noted that the arresting officers had not seen him holding the gun, and pointed out that New Mexico was not advancing its charges for aggravated assault and shooting at a dwelling or occupied building. Id. at 7.

At a sentencing hearing on May 24, 2011, Hernandez-Valdez's attorney stated that he had no objections to the PSR. Id., Vol. 3 at 2. Nonetheless, he argued that the court

4

should, in its discretion, decline to apply the four-level enhancement for an obliterated serial number because Hernandez-Valdez was not aware that the number was missing. Id. at 5. He then turned to the "other felony" enhancement, arguing as follows:

[DEFENSE COUNSEL]:

The next area is more gray, in my opinion. And in candor to the Court, that's where they gave him an additional four-level increase because he had the firearm or ammunition in connection with another felony offense, which I might add has never been charged by anybody, and that was allegedly threatening --

THE COURT:

I'm not understanding.

[DEFENSE COUNSEL]:

Certainly, Your Honor. Under Paragraph 19 of the PSR, they attribute four additional levels under specific offense characteristics for having that weapon and allegedly being engaged in another felony offense. He allegedly threatened affiliates that he had been working for, with a firearm, to pay him money that was owed him for the masonry work that he had done for this individual.

I think it's pretty clear that this individual is trying to stiff him for paying him because he was an illegal immigrant, and [Hernandez-Valdez] claimed that he never threatened this individual, Mr. Morgan Torres, with the weapon.

So it's really one man's word against another. He says he didn't do it. Apparently in the police report, Mr. Morgan Torres said that the defendant menaced him or waved the gun at him, trying to collect his pay.

That is certainly a toss-up in terms of credibility. The State has not gone forward with any criminal prosecution in connection with that charge. So if the Court felt inclined -- and again, that's more of a gray area, Number 19 than Number 18, the obliteration enhancement.

> But if the Court was inclined to not utilize those four levels in Number 19, that would drop it down further to level 11, which would be 10 to 16 months.

Id. at 5–6. Counsel for Hernandez-Valdez then asked the court to lower Hernandez-Valdez's offense by one additional level for acceptance of responsibility.[1] Id. at 7.

The district court briefly discussed Hernandez-Valdez's argument against applying the "obliterated serial number" enhancement, but did not respond with regard to the "other felony" enhancement. Id. at 10–11. Following allocution by the defendant, the court stated that it had "reviewed the presentence report factual findings and h[ad] considered the sentencing guideline applications and the factors set forth in 18 U.S.C. 3533(a)(1) through (7)." Id. at 12. In its Statement of Reasons, the court noted that it was adopting the PSR without change. Id., Vol. 2 at 15. The court then accepted the defendant's guilty plea and granted one additional level of reduction for the defendant's acceptance of responsibility, establishing an adjusted offense level of nineteen and a Guidelines sentencing range of thirty-three to forty-one months. Id., Vol. 3 at 12. Finally, the court "note[d] that the defendant, who is an illegal alien in the United States, possessed a loaded HiPoint Model c9 mm [sic] firearm with a partially obliterated serial number." Id. The court made no further findings of fact before imposing a sentence of thirty-three months.

## II. Hernandez-Valdez's Appeal

---

[1] Counsel also correctly noted, following remarks from the government, that Morgan Torres had never accused Hernandez-Valdez of actually shooting a gun at him or in his presence. Id. at 9.

On appeal, Hernandez-Valdez contends that the district court erroneously increased his offense level by four based on the PSR's conclusion that he had possessed a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6).[2] Aplt. Br. at 2. He argues that he never threatened the Torreses with his gun, and therefore never committed aggravated assault, the predicate felony. Id. at 7. He further argues that he contested the PSR's account of the facts in district court, and the court failed to make specific findings to resolve this dispute. Id. at 12, 14. Hernandez-Valdez also notes that the government "did not call any witness, introduce any police report, victim statements, or any other document to support the Government's contention that Defendant utilized the firearm to commit another felony." Id. at 14. The government responds that Hernandez-Valdez waived any objection to the court's application of the § 2K2.1(b)(6) enhancement. Aplee. Br. at 8. And even if the objection was not waived, the government argues that Hernandez-Valdez cannot show that the court committed plain error. Id. at 30.

## A. Waiver

We address first the government's contention that Hernandez-Valdez "waived his right to challenge the factual support for his sentencing enhancements." Id. at 9. The Rules provide that a sentencing court "may accept any undisputed portion of the

---

[2] Hernandez-Valdez correctly notes that no basis exists for appealing the court's application of a four-level increase for possession of a firearm with an altered or obliterated serial number. Aplt. Br. at 15. Although Hernandez-Valdez says he did not know that part of the number was missing, the application note to U.S.S.G. § 2K2.1(b)(4)(B) states that the enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number."

7

presentence report as a finding of fact," but "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(A)-(B). The court cannot satisfy its obligation to rule on disputed facts by merely adopting the PSR. United States v. West, 550 F.3d 952, 974 (10th Cir. 2008), overruled on other grounds as recognized in United States v. McConnell, 605 F.3d 822 (10th Cir. 2010). We have explained, however, that a defendant has an affirmative duty to point out factual inaccuracies in the PSR before a judge's fact-finding duty is triggered. United States v. Chee, 514 F.3d 1106, 1115 (10th Cir. 2008). "[R]equiring a defendant to challenge any factual inaccuracies in the PSR before or during sentencing permits the district court to address those objections at a time and place when the district court is able to resolve those challenges." United States v. Wolfe, 435 F.3d 1289, 1299 (10th Cir. 2006).

A defendant may waive a ruling by the court under Rule 32(i)(3) in two ways. "If a defendant fails to specifically object to a fact in the PSR, the fact is deemed admitted by the defendant and the government need not produce additional evidence in support of the admitted fact." United States v. Hooks, 551 F.3d 1205, 1217 (10th Cir. 2009). A defendant may also waive a properly raised factual objection by affirmatively withdrawing it. United States v. Carrasco-Salazar, 494 F.3d 1270, 1273 (10th Cir. 2007). In either event, waiver precludes appellate review of the issue. Id.; United States v. Kay, 961 F.2d 1505, 1507 (10th Cir. 1992). So if Hernandez-Valdez agreed with the facts

8

underlying the § 2k2.1(b)(6) enhancement—either by remaining silent or by making and then abandoning an objection—he cannot argue on appeal that the court failed to resolve a factual dispute.

The government contends that any objection Hernandez-Valdez made was too ambiguous to require fact finding by the court. The government also insists that Hernandez-Valdez intentionally abandoned, and thereby waived, any issues he had previously raised when he told the sentencing judge that he had no objections to the PSR. Based on our examination of Hernandez-Valdez's arguments before the district court, we conclude that he did dispute the facts underlying the § 2K2.1(b)(6) enhancement. We also conclude that he "did not 'consciously choose to forego'" this objection. United States v. Zubia-Torres, 550 F.3d 1202, 1205 (10th Cir. 2008).

In his sentencing memorandum, Hernandez-Valdez specifically "dispute[d] the allegations made by Morgan Torres and Tomas Torres that he ever displayed his firearm and threatened them with it." ROA, Vol. 1 at 7. At his sentencing hearing, counsel told the court that his client "says he didn't do it." Id., Vol. 3 at 6. These statements plainly demonstrate Hernandez-Valdez's disagreement with the PSR's contrary assertions.

This is not to say that Hernandez-Valdez presented his objection well.[3] The record

---

[3] We also note that Hernandez-Valdez's factual objections were not timely. See Fed. R. Crim. P. 32(f)(1) (parties must state objections to the presentence report in writing within fourteen days of receiving it). Although the PSR was disclosed on March 17, 2011, Hernandez-Valdez did not file his sentencing memorandum until May 10, 2011. See ROA, Vol. 2 at 1; id., Vol. 1 at 8. Nonetheless, the district court was entitled to allow new objections for good cause at any time before sentence was imposed. Fed. R. Crim. P.

(continued...)

9

reveals that counsel for Hernandez-Valdez brought up his client's disagreement with the PSR's facts only in the context of a request for the court to grant a variance from the Guidelines sentence calculated by the PSR. The government argues that we should therefore interpret Hernandez-Valdez's statements of fact as "a legal argument about whether and to what degree a 4-level enhancement was warranted in this case," rather than a factual objection. Aplee. Br. at 25 (emphasis in original). But we have determined in the past, albeit in an unpublished decision, that a party could "present[] her factual dispute in the context of a request for a downward departure." United States v. Schmidt, 244 F. App'x 902, 907 n.3 (10th Cir. 2007) (unpublished). And even if his arguments were poorly framed, Hernadez-Valdez unequivocally stated that he disagreed with the facts upon which the "other felony" enhancement was based. This was enough to challenge the factual accuracy of the PSR.

Hernandez-Valdez did not waive this challenge. The government emphasizes that the court asked Hernandez-Valdez's attorney at the beginning of the sentencing hearing whether there were "any objections to the presentence report." ROA, Vol. 3 at 2. We recognize that counsel said he had none. Id. Yet counsel then proceeded to argue specific factual objections, which he had also raised in a prehearing sentencing

---

[3](...continued)
32(i)(1)(D). We assume, without deciding, that having accepted arguments from both sides on the matter, in writing as well as at the sentencing hearing, the court could not simply ignore the resulting factual dispute. See United States v. Jones, 168 F.3d 1217, 1221 n.2 (10th Cir. 1999) (concluding that where court allowed an untimely factual objection, it then was required to make specific findings). But because we conclude the court did not commit reversible plain error, we need not conclusively resolve this issue.

10

memorandum.  Id. at 2–6.  Under these circumstances, there is insufficient "evidence that the waiver [wa]s knowing and voluntary, beyond counsel's rote statement that []he [wa]s not objecting to the PSR."  Zubia-Torres, 550 F.3d at 1207.[4]

## B. Plain Error Review

Having concluded that Hernandez-Valdez did not waive the issue, we proceed to consider his argument that the court should have engaged in fact finding before imposing the § 2K2.1(b)(6) enhancement.  Our scope of review, however, is limited.  Because Hernandez-Valdez failed to object in district court to the court's noncompliance with Rule 32, we can only review his case on appeal for plain error.  United States v. Cook, 550 F.3d 1292, 1297 (10th Cir. 2008) ("[W]e appl[y] plain-error review when a defendant neglected to make a separate objection at the sentencing hearing to the district court's failure to resolve factual objections to the PSR . . . .").  We therefore ask whether the

---

[4] In this regard, we also find persuasive our recent unpublished opinion in United States v. Rincon-Torres, No. 10-3212, 2011 U.S. App. LEXIS 18119, at *4–5 (10th Cir. Aug. 29, 2011).  In that case, we decided that a single statement by defense counsel that he did not object to the "proposed findings of fact and tentative sentence for the record," did not waive the objections to a sentencing enhancement that he had just made.  "It is highly unlikely," we concluded, "that Rincon-Torres intended, by that one statement, to waive his right to appeal the 16-level enhancement."  Id. at *5.  We noted that the defendant had "raised and thoroughly argued the issue consistently at every stage of the proceedings."  Id.  Further, "[h]is statement came at the end of the sentencing hearing, the entire focus of which was his argument about this enhancement, and immediately after the court had ruled against him on that point."  Id.  We determined that the government, in arguing for waiver, had "read[] too much into an innocuous statement and also ignore[d] the context in which it was made."  Id.  Although the order of events is reversed in Hernandez-Valdez's case—he declined to object, and then went on to make objections—it is equally unlikely that he intended to waive the right to challenge the presentence report's factual findings.

11

sentencing court committed "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Romero, 491 F.3d 1173, 1178 (10th Cir. 2007). This standard is difficult to satisfy, id., and we conclude that it is not met here. While we agree with Hernandez-Valdez that the court erred, Hernandez-Valdez has not demonstrated that the error affected his substantial rights.

The first two prongs of plain-error analysis are met in this case. By specifically disputing the facts underlying the §2K2.1(b)(6) enhancement, Hernandez-Valdez invoked the district court's obligation to engage in fact finding under Rule 32. Yet the court offered no explanation for its choice to impose the enhancement. It acknowledged neither Hernandez-Valdez's insistence that he had not done the acts upon which it was based, nor the government's failure to introduce any evidence in support of the enhancement. The court's adoption of the PSR's findings, without more, was insufficient. West, 550 F.3d at 974.

But even though Hernandez-Valdez demonstrates error that is plain, he fails to satisfy the third requirement of plain error review by showing that his substantial rights were affected. Here, he "bears the burden of proving prejudice" resulting from the court's error. Zubia-Torres, 550 F.3d at 1209. To reverse, we must be convinced that "a reasonable probability [exists] that, but for the error claimed, the result of the proceeding would have been different." Cook, 550 F.3d at 1298 (quoting United States v. Kaufman, 546 F.3d 1242, 1252 (10th Cir. 2008)) (internal quotation marks omitted). Hernandez-

12

Valdez cannot succeed because, were we to remand this case for a new sentencing hearing, nothing suggests that the result would be different.

Our resolution in United States v. Zubia-Torres is instructive here. In that case, the court imposed a sixteen-level sentencing enhancement for the defendant's prior commission of a "drug trafficking felony." Zubia-Torres, 550 F.3d at 1204. Defense counsel failed to object to the enhancement in district court, but the defendant argued on appeal that the conviction on which it was based did not meet the definition of a "drug trafficking felony." Id. at 1204. We noted that if the defendant had properly objected at trial, the government "would have shouldered the burden of producing appropriate judicial documents to clarify the nature of [the defendant's] crime." Id. at 1209. But on plain error review, it was the defendant's responsibility to show that the enhancement was inappropriate. Id. We explained:

> Because defense counsel conceded the correctness of the Guidelines calculation in the PSR . . . neither the probation officer, the government, nor the district court had occasion to seek production of the necessary documents. Even on appeal, the defendant offers no evidence that his conviction was for mere possession rather than sale. We therefore have no way to know whether the enhancement properly applied. As a result, even if we regard the district court's ruling on the enhancement issue as error, Mr. Zubia-Torres has failed to show that his substantial rights were affected . . . [because he cannot] show that the error affected the outcome of the district court proceedings.

Id. (footnote and quotation omitted).

Similarly, in this case, a timely objection to the district court's failure to engage in fact finding would have forced the government to either provide evidentiary support for the PSR's version of the facts or abandon the § 2K2.1(b)(6) enhancement. See United

13

States v. Wilken, 498 F.3d 1160, 1169 (10th Cir. 2007) ("At sentencing, the district court may rely on facts stated in the presentence report unless the defendant objected to them. When a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence." (quotation omitted)). But now, on appeal, it falls to Hernandez-Valdez to show a reasonable probability that the "other felony" enhancement would not be imposed on remand.

Hernandez-Valdez has not met this burden. The PSR's account, which the court adopted, was based on statements taken from two individuals, Morgan and Tomas Torres, who claimed that Hernandez-Valdez threatened them. ROA, Vol. 2 at 2–3. Their story was corroborated in part by one of the passengers in the Jeep with Hernandez-Valdez, who told police that Hernandez-Valdez had showed his gun to Tomas Torres and fired it once. Id. at 3. Nothing Hernandez-Valdez has offered on appeal suggests that the government could not, on remand, present these individuals as witnesses or offer statements from the officers who interviewed them. See United States v. Smith, 280 F.3d 807, 810 (7th Cir. 2002) (noting that hearsay evidence may be admissible at a sentencing hearing). Counsel's bare assertion that Hernandez-Valdez denies threatening the Torreses is inadequate.[5]

---

[5] The government also contends that no substantial right was affected by the court's error because Hernandez-Valdez admitted to firing his gun into a dirt embankment from an automobile. According to the government, Hernandez-Valdez therefore admitted to committing a felony under New Mexico law which would have also allowed the court to impose a four-level enhancement. Aplee. Br. at 27–29. This argument is unconvincing. It is indeed a felony under New Mexico Statutes Annotated § 30-3-8(B) to

(continued...)

Because Hernandez-Valdez cannot demonstrate that his substantial rights were affected by the court's error, we need not address whether the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Cook, 550 F.3d at 1298. We conclude that Hernandez-Valdez has not shown that the court committed reversible error by failing to make factual findings as required by Federal Rule of Criminal Procedure 32. Because Hernandez-Valdez does not argue that his sentence was procedurally or substantively unreasonable for any other reason, his sentence is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Chief Judge

---

[5](...continued)
"willfully discharg[e] a firearm at or from a motor vehicle with reckless disregard for the person of another." But Hernandez-Valdez's admission to shooting a gun from a vehicle does not indicate that this action was taken in reckless disregard for any person. The government has offered no evidence that Hernandez-Valdez possessed the requisite mental state for this felony, nor has it suggested that we can presume that he was reckless.

15